GEORGE V. COE, Respondent, *v.* LONDON AND LANCASHIRE FIRE INSURANCE COMPANY, LIMITED, Appellant.

First Department, November 8, 1918.

**Insurance — reformation of fire insurance policy to conform to intent of parties — principal and agent — evidence.**

In a suit for the reformation of an insurance policy on a number of oil tanks owned by plaintiff's assignor and to recover on said policy as reformed, it appeared that insurance brokers having possession of a former policy on

the tanks, from which a prorating clause had been expunged, had later acted for the insurance company in notifying plaintiff's assignor of the cancellation of said policy, and had thereupon been asked to procure other insurance " to replace " the policy, which they did; that the new policy through a mistake of a clerk in the office of the agents of the plaintiff's assignor contained a provision for *pro rata* insurance, and that the bill of the insurance brokers for premiums was upon the basis of absolute liability.   Evidence examined and

*Held*, sufficient to establish that the insurance brokers were the agents of the defendant, and that both parties intended to create full liability instead of *pro rata* liability, and that, therefore, the policy should be reformed.

PAGE, J., dissented.

APPEAL by the defendant, London and Lancashire Fire Insurance Company, Limited, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of January, 1918, upon the decision of the court after a trial at the New York Special Term.

*Robert N. Holt* of counsel [*Charles R. Barge*, attorney], for the appellant.

*William B. Ellison* of counsel [*Bruce Ellison* and *Andrew A. Fraser* with him on the brief; *Ellison & Ellison*, attorneys], for the respondent.

SMITH, J.:

The Gulf Pipe Line Company, plaintiff's assignor, was the owner of a number of oil tanks in Oklahoma, which had been insured in two insurance companies, one of which will be called the Boston Company and the other the Norwich Union. Johnson & Higgins, insurance brokers in New York city, were acting for the Gulf Pipe Line Company in taking care of this insurance.  Carr & French, insurance brokers located at Tulsa, Okla., had placed the insurance in the Boston Company as agents for that company and knew the contents of the policy issued.  When first issued the Boston policy contained a clause prorating the liability upon the different tanks, but thereafter the prorating clause was expunged and a rider attached making the policy a full liability policy. Thereafter Carr & French notified the Gulf Pipe Line Company that the Boston Company canceled its risk under the

terms of its policy, and a time was fixed at which the liability of the Boston Company should cease. Thereupon Johnson & Higgins, acting for the Gulf Pipe Line Company, communicated with Carr & French and asked them to secure other insurance to replace the Boston policy. On June 21, 1915, Carr & French assumed to bind liability in the defendant company for $1,000,000 of insurance and on the same day telegraphed to the defendant company that they had bound them for that sum and that the Norwich Union had $5,000 concurrent insurance on each tank.

Upon the 23d, 24th and 25th of June, 1915, certain of these tanks were burned. The policies had not then been issued. Upon June twenty-fourth, pursuant to a request previously made, Johnson & Higgins sent to Carr & French a slip to be attached to the policies specifying the nature of the risk. In this slip was a provision for *pro rata* insurance. This provision was left in the slip through a mistake of a clerk in the office of Johnson & Higgins. Such a slip was originally attached to the Boston policy but the prorating clause was afterwards expunged, as above stated. The Boston policy, as amended, was in the hands of Carr & French when Johnson & Higgins asked them " to replace " the Boston insurance. Carr & French issued a policy of the defendant which complied with the request of Johnson & Higgins " to replace " the Boston Company policy in all particulars except that the liability was limited to a " *pro rata* proportion."

The defendant company did not contest liability upon the policy, but has paid the amount of the policy upon the basis of a *pro rata* liability. The plaintiff claims that the policy should be reformed so as to strike out that clause which would give to the plaintiff a judgment of about $8,000 additional, as it would increase the defendant's liability to that amount, and the plaintiff asks judgment for this sum after such reformation.

The trial judge has found that Carr & French were acting as the agents for the defendant company, that they had full knowledge of the exact terms of the Boston policy and that it was their intention, as well as the intention of the plaintiff's assignor, to insure upon full liability and not upon the basis of a *pro rata* liability, and has given judgment to the plaintiff

for the sum of $8,000.   The sole question in the case is whether this contract should be reformed.

Upon this question defendant first contends that Carr & French were not their agents.   But the defendant has recognized them as their agents in the correspondence that afterwards took place.   In a letter of December fourteenth, written by defendant, they were spoken of as the defendant's agents.   Moreover, upon June twenty-first Carr & French notified the defendant that they had bound this risk for the defendant and they signed the defendant's policy as agents. Upon this policy the defendant afterwards made partial settlement.   This would seem to be strong proof that they were acting as the agents for the defendant.   If there was any conflict of evidence as to agency, the fact was found in favor of the plaintiff.

Carr & French being the agents for the defendant, there was ample evidence to authorize the reformation of the contract.   This *pro rata* clause had been in the Boston policy at first and had been expunged therefrom.   Carr & French, with the possession of this policy and having acted for the Boston Company in notifying the plaintiff's assignor of its cancellation, had full knowledge of just what that policy was.   They had knowledge that the insurance sought was to replace this Boston liability.   Their bill for premiums was upon the basis of absolute liability and not of *pro rata* liability. The attachment of the slip furnished by Johnson & Higgins was not until after the fire and after the defendant's liability had been fixed.   The finding of the court that both parties intended to create full liability instead of *pro rata* liability is founded upon abundant evidence.

The judgment should, therefore, be affirmed, with costs.

CLARKE, P. J., DOWLING and SHEARN, JJ., concurred; PAGE, J., dissented.

Judgment affirmed, with costs.